*Preston* for the appellant.

---

### PARKER vs. WALDEN.

Appeal from the court of the parish and city of New Orleans.

Matthews, J. delivered the opinion of the court. This suit is brought on a contract between the mayor and the plaintiff in pursuance of an adjudication publicly made to the latter as the lowest bidder, to fill up certain lots and streets on the batture. The undertaking was a sequence of an ordinance passed by the city council, which required the work to be done at the expense of the owners of the lots in that part of the city, on their neglect or refusal to cause it to be executed after a certain time prescribed. The present claim is against the defendant as one of these owners; and judgment being rendered in favor of the plaintiff

No interest can be allowed on an unliquidated claim. A claim cannot be liquidated without the concurrence of both parties. When the contract states a privilege existing on the thing sold, and the vendee discharges the vendor from the consequences, he cannot resist the privilege on the ground that the act from which it results was not duly registered.

PARKER
*vs.*
WALDEN.

with a right of lien or privilege on the lots which were filled up, the defendant appealed.

In opposition to the correctness of this judgment the counsel for the appellant has filed many points. Some of them relate to the manner in which the work was adjudicated, suggesting informalities in the proceedings. These we deem it unnecessary to examine, as the evidence of the case abundantly proves that the lots were filled up by the plaintiff, and that they were increased in value to the amount claimed by him for his work and labor, and this to the advantage of the present proprietor; any question which might arise on these points has already been settled in the case of the *Police Jury* vs. *Hampton*; *vol.* 5, 392.

There are three grounds of objection to the correctness of the judgment of the court below which might be noticed: 1st. The allowance of interest. 2d. The loss of privilege or lien on the real estate which was improved, in consequence of the failure of the contractor for the work to have the evidence of his contract recorded before the sale of the lot from Gravier's heirs to the defendant. 3d. The declared intention of the owner to cause the work to be done under his own contract with M'Donough,

and forbidding the plaintiff to proceed in its execution.

According to the code of practice, art. 554, interest cannot be legally allowed on accounts, or unliquidated claims. A question here arises whether the claim of the plaintiff be unliquidated. By the contract, the price which he was to receive for his labor is fixed and certain as to the quantum for each cubic yard of earth he should put on the lots; but the whole amount which may be exacted from the owners individually, depends on measurement, and in this respect requires liquidation between the parties, in order to place the claim on the footing of those which in the legal acceptation of the word may be considered as liquidated or certain. No act of one of the parties alone is sufficient to liquidate a claim which is in any manner uncertain as to amount. To effect this would require the concurrence of both.— The sum claimed by the plaintiff is rendered certain, but this has been done by *ex parte* admeasurement and proof of the result; we think that interest ought not to have been allowed.

Whatever might have been the effect of the want of registry of the contract in pursu-

ance of which the plaintiff proceeded to do the work undertaken by him, to defeat his claim of privilege under other circumstances than those in which the present cause is situated; we believe that the defendant cannot profit by the alleged defect of recording according to the actual state of this case.

There is a clause in the act of sale from Gravier's heirs to him, which gave notice that the privilege or lien now claimed to be enforced on the property then sold existed at the time of sale— by this clause he relieves the vendors from all responsibility on account of any sum of money that might be recovered against him for the amelioration of the lot transfered by the act of sale; and it seems to us to follow as a corollary that he took this risk on himself.

The plaintiff obtained the contract for filling up the batture previous to the private agreement entered into between the defendant and McDonough. No attempt was ever made to carry this agreement into effect by commencing the work.

The present claimant pursued his labor without interruption or interference from either of the parties to the private agreement. He has fulfilled the obligations of his contract, and is

justly entitled to the value of his labor as fixed by the judge of the court below.

PARKER
*vs.*
WALDEN.

But as this judgment allows interest it must be reversed, which is hereby ordered, adjudged and decreed; and it is further ordered, adjuged, and decreed, that the plaintiff and appellee do recover from the defendant and appellant, the sum of 2047 dollars and 39 cents; and on his refusal to comply with this judgment, that the lots filled up, be seized to satisfy said sum; and it is further ordered that the appellee pay the costs of the appeal, and the appellant those of the court below.

*Mercier* and *Buchanan* for the plaintiff. *Hoffman* for the defendant.